IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANK S. WALKER, | CASE NO. 5:13-cv-01762 EJD |
| Plaintiff(s), | **ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | [Docket Item No(s). 1, 8, 10] |
| Defendant(s). | |

Plaintiff Frank S. Walker ("Plaintiff") filed the instant action on April 18, 2013, which appears to constitute a challenge to a reduction in an unspecified federal payment by the Department of the Treasury. According to documentation provided by Plaintiff, the Department of the Treasury reduced Plaintiff's payment pursuant to a purported debt owed by Plaintiff to the Social Security Administration. Liberally construing the pleadings, this action seems to arise under 26 U.S.C. § 6402(g) and 42 U.S.C. § 404.[1]

Presently before the court are Plaintiff's various requests for a Temporary Restraining Order ("TRO"). See Docket Item Nos. 1, 8, 10. Although the specific relief requested is unclear, the

---

[1] This statement, however, should not be taken as a determination that the case is properly before the court. That jurisdictional question, if it is an open one, should be settled through an appropriate motion addressing the issue. What is apparent, however, is that this action is not one for review of a benefits decision under 42 U.S.C. § 405(g). The Social Security Procedural Order issued by the Clerk (see Docket Item No. 5) was therefore issued in error and is VACATED.

1
Case No. 5:13-cv-01762 EJD
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER

present record taken as a whole suggests that Plaintiff seeks an order requiring Defendant Carolyn W. Colvin, Commissioner of Social Security ("Defendant"), to return the payment.

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009). A TRO may also issue if "serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing preservation of the status quo where complex legal questions require further inspection or deliberation. Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010).

Plaintiff has not made the showing required for the issuance of a TRO. Potential jurisdictional issues aside, he has not shown likely success on the merits because the documentation submitted does not explain in an understandable manner the basis for Plaintiff's challenge to the payment reduction. In addition, Plaintiff has not indicated how he will suffer irreparable harm in the absence of injunctive relief. Finally, the court does not find that "serious questions" have been raised so as to justify the issuance of a TRO under the Ninth Circuit's alternative test.

Accordingly, Plaintiff's request for a TRO is DENIED. The court schedules this action for a Case Management Conference on **September 20, 2013, at 10:00 a.m.** The parties shall file a Joint Case Management Statement, or separate statements as appropriate, on or before **September 13, 2013.**

**IT IS SO ORDERED.**

Dated: May 30, 2013

_____
EDWARD J. DAVILA
United States District Judge