United States District Court
For the Northern District of California

1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                              SAN JOSE DIVISION

10   FRANK S. WALKER,                    CASE NO. 5:13-cv-01762 EJD

11                                       **ORDER GRANTING DEFENDANT'S**
                     Plaintiff(s),       **MOTION TO DISMISS**
12       v.

13   CAROLYN W. COLVIN, Commissioner of  [Docket Item No(s). 50]
     Social Security,
14

15                   Defendant(s).
                                    /
16

17                          **I.    INTRODUCTION**

18        Plaintiff Frank S. Walker ("Plaintiff") initiated the instant action on April 18, 2013, against

19   Defendant Carolyn W. Colvin, Commissioner of Social Security ("Defendant") in order to challenge

20   Defendant's determination that Plaintiff must repay an overpayment of Social Security benefits

21   received at a time when Plaintiff was also working.[1]  According to the Complaint, Plaintiff seeks a

22   protective order, temporary restraining order and other injunctive relief against Defendant.  See

23   Docket Item No. 1.  It also appears that Plaintiff seeks a tort recovery against Defendant for medical

24   issues related to the corresponding reduction in his benefits.

25        Presently before the court is Defendant's Motion to Dismiss the Complaint pursuant to

26   sections (b)(1) and (b)(6) of Federal Rule of Civil Procedure 12.  See Docket Item No. 50.  Plaintiff

27   _____

28        [1] The court takes judicial notice of the Administrative Law Judge's ("ALJ") decision dated
     November 15, 2011 pursuant to Federal Rule of Civil Procedure 201.  See Docket Item No. 18.

                                         1

has filed written opposition to the motion.  See Docket Item No. 59.  The court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  Accordingly, the hearing scheduled for October 25, 2013, will be vacated and Defendant's motion will be granted for the reasons stated below.

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(1)

A Rule 12(b)(1) motion challenges subject matter jurisdiction and may be either facial or factual.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence.  Id.  When a defendant makes a facial challenge, all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself.  Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979).  "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

### B.   Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face."  Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings."  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990).  The court must generally accept as true all "well-pleaded factual

United States District Court
For the Northern District of California

2

allegations." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 664 (2009).  The court must also construe the alleged

facts in the light most favorable to the plaintiff.  <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th

Cir. 1988).  However, the court may consider material submitted as part of the complaint or relied

upon in the complaint, and may also consider material subject to judicial notice.  <u>See</u> <u>Lee v. City of

Los Angeles</u>, 250 F.3d 668, 688-69 (9th Cir. 2001).  "[M]aterial which is properly submitted as part

of the complaint may be considered."  <u>Twombly</u>, 550 U.S. at 555. But "courts are not bound to

accept as true a legal conclusion couched as a factual allegation."  <u>Id</u>.

### III.   DISCUSSION

Defendant argues this action must be dismissed because (1) Plaintiff has not demonstrated a

basis for subject matter jurisdiction and (2) Plaintiff did not exhaust his administrative remedies

before filing this action.  The court agrees with Defendant on both points.

As to the issue of subject matter jurisdiction, the court notes that Plaintiff did not comply

with the requirement that he include in the Complaint "a short and plain statement of the grounds for

the court's jurisdiction."  Fed. R. Civ. P. 8(a).  That being the case, subject matter jurisdiction does

not appear on the face of the Complaint, and Defendant's 12(b)(1) motion could be granted on that

ground alone.

In light of the Plaintiff's unrepresented status, however, the court will determine whether

some jurisdictional basis exists under a liberal construction of the pleading.[2]  Plaintiff faces

significant challenges under such an analysis.  Since Plaintiff has sued a federal official, he must

overcome the litigation bar imposed by sovereign immunity.  "It is well settled that the United States

is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and

consented to be sued."  <u>Gilbert v. DaGrossa</u>, 756 F.2d 1455, 1458 (9th Cir. 1985).  Any waiver of

sovereign immunity must be "unequivocally expressed," and will be strictly construed in favor of

the sovereign.  <u>United States v. Nordic Vill. Inc.</u>, 503 U.S. 30, 34 (1992).

For this case, the court looks to the Social Security Act ("the Act") considering the substance

---

[2] Because Plaintiff is proceeding without legal representation, the court has afforded his
pleadings the deference and latitude required under the circumstances.  <u>See</u> <u>Taufiq Moh Abassi v.
INS</u>, 305 F.3d 1028, 1032 (9th Cir. 2002).

CASE NO. 5:13-cv-01762 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

of Plaintiff's allegations.  Doing so reveals that the waiver of sovereign immunity contained in the Act is a narrow one.  Indeed, the Act allows only for judicial review of a "final decision" of the Commissioner of Social Security and specifically precludes any other action to recover on any claim arising under the Act.  See 42 U.S.C. §§ 405(g), (h); see also Ass'n of Am. Med. Colls. v. United States, 217 F.3d 770, 779 (9th Cir. 2000) (holding that § 405(h) "is a complete bar to federal question jurisdiction . . . unless 'application of § 405(h) would not simply channel review through the agency, but would mean no review at all.'" (quoting Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 19 (2000))).  The Act also specifies that, when reviewing a final decision of the Commissioner, the court may only "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).

The limited waiver of sovereign immunity designated by the Act means that the court lacks subject matter jurisdiction over any of Plaintiff's claims or requests for relief premised on something other than judicial review of the ALJ's decision as provided by 42 U.S.C. § 405(g).  This would include any request for a protective order or injunction considering such relief falls outside of the scope of what can be awarded against Defendant.  Moreover, the court lacks jurisdiction over any claim for tort damages because Congress has not allowed plaintiffs "a remedy in damages for emotional distress or for other hardships suffered because of delays in their receipt of Social Security benefits."  Schweiker v. Chilicky, 487 U.S. 412, 425 (1988).

That does not end the matter, however, since Plaintiff seems to clarify in his opposition to this motion that he does, in fact, seek to invoke the court's jurisdiction to review the ALJ decision.  See Docket Item No. 59.  But while that clarification is important, it nonetheless fails to resolve the jurisdictional problem.  Before filing an action to review of the ALJ's adverse decision, Plaintiff was required to exhaust the all of the Social Security Administration's administrative review procedures.  See Bass v. Soc. Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1988).  Plaintiff did not do so since he filed this case before the appeals council denied review on May 16, 2013.[3]  Id. ("The decision made

---

[3] The court takes judicial notice of the Notice of Appeal Council Action attached to Defendant's motion as Exhibit A.  See Fed. R. Civ. P. 201.

CASE NO. 5:13-cv-01762 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
For the Northern District of California

1    following the hearing does not become the final decision of the Secretary until the claimant requests

2    review by the appeals council, and the appeals council either grants or denies review.").

3    Accordingly, the court lacked review jurisdiction under 42 U.S.C. § 405(g) when the action was

4    filed to the extent Plaintiff sought review of the ALJ decision. Id. ("A claimant's failure to exhaust

5    the procedures set forth in the Social Security Act . . . deprives the district court of jurisdiction.").[3]

6    The subsequent determination by the appeals council does not change that fact. See Morongo Band

7    of Mission Indians v. Cal. St. Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988) ("Subject

8    matter jurisdiction must exist as of the time the action is commenced."); Orff v. United States, 358

9    F.3d 1137, 1149 (9th Cir. 2004) ("If jurisdiction is lacking at the outset, the district court has no

10   power to do anything with the case except dismiss.").

11          For these reasons, the court concludes under a facial 12(b)(1) challenge that it lacks subject

12   matter jurisdiction over this action in its current form. It will be dismissed without prejudice so that

13   Plaintiff may plead and pursue an action for review under 42 U.S.C. § 405(g), should he choose to

14   do so.

15                                              **IV.    ORDER**

16          Based on the foregoing, Defendant's motion to dismiss pursuant to Federal Rule of Civil

17   Procedure 12(b)(1) (Docket Item No. 50) is GRANTED. This action is DISMISSED WITHOUT

18   PREJUDICE for lack of subject matter jurisdiction. The hearing scheduled for October 25, 2013, is

19   VACATED and Defendant's motion to appear by telephone (Docket Item No. 69) is

20   TERMINATED AS MOOT. The clerk shall close this file.

21   **IT IS SO ORDERED.**

22

23   Dated:  October 21, 2013

24                                                      EDWARD J. DAVILA
                                                        United States District Judge

25

26

27          [3] Plaintiff has filed a number of documents "in support" of the filing of an amended
     complaint. To the extent Plaintiff intended these documents to constitute motions pursuant to
28   Federal Rule of Civil Procedure 15(a)(2) they are DENIED because Plaintiff did not explain how
     any proposed amendment would change the outcome of this motion.

CASE NO. 5:13-cv-01762 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS